# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| G&C FOOD DISTRIBUTORS & BROKERS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | 3:25-cv-02323 |
| BASE CARRIERS, LLC and LANDL TRUCKING, LLC, | § § § § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW, Plaintiff, G&C Distributors & Brokers, Inc. ("G&C"), and files its Original Complaint against Defendants, BASE Carriers, LLC ("BASE") and Landl Trucking, LLC ("Landl") (collectively, "Defendants"). In support thereof, G&C states as follows:

### I. PARTIES

1. G&C is corporation duly organized under the laws of the State of New York with its principal place of business at 3407 Walters Road, Syracuse, New York 12309.

2. BASE is a Delaware limited liability company with its principal place of business at 501 Garasches Lane, Wilmington, Delaware 19801.

3. Landl is a Florida limited liability company with its principal place of business at 1209 Damen Street East, Lehigh Acres, Florida 33974.

### II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this dispute on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) because there is complete diversity of citizenship

among the parties and because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because it is the judicial district in which a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred.

### III.  FACTS

6. On or about January 24, 2024, G&C, a food service and retail redistributor of food products, and BASE, a trucking company that specializes in moving goods, entered into a contract pursuant to which BASE agreed to transport meat products (the "Products") from Cargill Solutions Beef Plant ("CSBP") in Friona, Texas to Pinto Valle Industrial Park ("PVIP") in Laredo, Texas.

7. The job was identified as Load No. 97883, Order No. 16012686, and G&C P.O. No. 114505. The value of the load was $584,857.00, which BASE acknowledged upon acceptance of the job.

8. Unbeknownst to G&C, in addition to entering into its contract with G&C, BASE entered into a subcontract with Landl, a general freight carrier with primary operations in Florida, pursuant to which Landl agreed to pick up the Products at CSBP and transport them to PVIP.

9. Upon information and belief, Cargill has confirmed that it loaded the Products onto Trailer No. 519, which was the trailer identification number provided by BASE.

10. After the load was picked up from CSBP, it was never delivered to PVIP, as per the contract between G&C and BASE. Instead, G&C has been advised by BASE that Landl's system was somehow "hacked" and that the hacker impersonated Landl in its communications with BASE and ultimately stole the Products from CSBP. The whereabouts of the Products are unknown, but, given the passage of time, it is unlikely that they will never be recovered.

## IV.  CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT AGAINST BASE

11. G&C alleges and incorporates herein by reference the allegations set forth above.

12. As set forth above, on or about January 24, 2024, G&C and BASE entered into a contract pursuant to which BASE agreed to transport the Products from CSBP to PVIP.

13. G&C performed all of its contractual obligations to effectuate the transport.

14. BASE failed to perform its contractual obligations because the Products were never delivered to PVIP, resulting in a breach of contract between G&C and BASE by BASE.

15. As a result of BASE's breach of the contract between it and G&C, G&C has suffered damages in the amount of $584,857.00.

16. Pursuant to Texas Civil Practice and Remedies Code § 38.001 and Texas common law, G&C is also entitled to recover from BASE all attorneys' fees and costs of court incurred in connection with the prosecution of this matter.

### COUNT TWO: BREACH OF CONTRACT AS INTENDED THIRD-PARTY BENEFICIARY AGAINST LANDL

17. G&C alleges and incorporates herein by reference the allegations set forth above.

18. As set forth above, on a date uncertain, BASE entered into a subcontract with Landl to perform the transport contemplated by the contract between G&C and BASE.

19. The subcontract between BASE and Landl was for the benefit of G&C, as it was G&C's products that were being transported.

20. The intention to benefit G&C was clear from the face of the subcontract between BASE and Landl.

21. As set forth above, the Products never arrived at PVIP, as they were apparently stolen by an unknown person or persons.

PLAINTIFF'S ORIGINAL COMPLAINT   PAGE 3
20529683v1

22. When Landl entered into the subcontract with BASE, it was aware that G&C was an intended third-party beneficiary of the subcontract.

23. Landl breached the subcontract between it and BASE by failing to deliver the Products to their intended destination.

24. As a result of Landl's breach of the subcontract between it and BASE, G&C, as an intended third-party beneficiary, has suffered damages in the amount of $584,857.00.

25. Pursuant to Texas Civil Practice and Remedies Code § 38.001 and Texas common law, G&C is also entitled to recover from Landl all attorneys' fees and costs of court incurred in connection with the prosecution of this matter.

### COUNT THREE: NEGLIGENCE AGAINST DEFENDANTS

26. G&C alleges and incorporates herein by reference the allegations set forth above.

27. Defendants had a duty to exercise reasonable care in maintaining, transporting, and delivering the Products to PVIP. Defendants breached this duty by failing to timely deliver the Products and by failing to maintain adequate safeguards to ensure the Products were not stolen.

28. As a direct result of Defendants' conduct, the Products were stolen and never delivered to PVIP, which foreseeably and proximately caused damage to G&C.

### COUNT FOUR: NEGLIGENT HIRING AGAINST BASE

29. G&C alleges and incorporates herein by reference the allegations set forth above.

30. BASE had a duty to exercise reasonable care in hiring, supervising, and retaining Landl to deliver to PVIP. BASE breached this duty by failing to ensure that Landl was competent to transport the Products and by failing to ensure that Landl had adequate safeguards in place to protect against the risk of the Products being stolen.

31. As a direct result of BASE's conduct, the Products were stolen and never delivered to PVIP, which foreseeably and proximately caused damage to G&C.

### COUNT FIVE: NEGLIGENT MISREPRESENTATION AGAINST BASE

32. G&C alleges and incorporates by reference the allegations set forth above.

33. In the course of its business and professional dealings with G&C, BASE failed to disclose that it intended to enter into a subcontract with Landl for the delivery of the Products from CSBP to PVIP. G&C actually and justifiably relied upon these non-disclosures of material fact in proceeding to enter into a contract with BASE for the delivery of the Products.

34. As a direct result of its reliance on BASE's non-disclosures, G&C has suffered damages in the amount of $584,857.00.

### V. CONDITIONS PRECEDENT

35. All conditions precedent to G&C's recovery on its claims for relief set forth herein have been performed, have occurred, have been excused, and/or have been waived.

### VI. REMEDIES

36. G&C seeks to recover all damages of every kind, character, or nature that may be available to it or to which it may be entitled. The damages for which G&C sues Defendants include, but are not limited to, actual, equitable, general, direct, consequential, incidental, and reliance damages, along with attorneys' fees and costs of court.

### VII. REQUEST FOR RELIEF

37. G&C requests that, upon final trial of this cause, it be granted the following relief against Defendants:

    a. all recoverable damages;

    b. costs of court;

  c. attorneys' fees;

  d. pre-judgment and post-judgment interest, as provided by law; and

  e. such other and further relief as the Court may deem appropriate, including general relief.

           Respectfully submitted,

           **THOMPSON, COE, COUSINS & IRONS, LLP**

           By: */s/ Michael S. Cedillo*
             Michael S. Cedillo
             State Bar No. 24072029
             mcedillo@thompsoncoe.com

           Plaza of the Americas
           700 N. Pearl Street, 25th Floor
           Dallas, Texas 75201
           Telephone: (214) 871-8200
           Facsimile: (214) 871-8209

           **COUNSEL FOR PLAINTIFF G&C FOOD DISTRIBUTORS & BROKERS, INC.**

## CERTIFICATE OF SERVICE

 I certify that on August 27, 2025, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

           */s/ Michael S. Cedillo*
           Michael S. Cedillo